

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL K. LANE,

                            Plaintiff,

          vs.

PACE UNIVERSITY and
THE CITY OF NEW YORK,

                       Defendants.

Civil Action No.:

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Pace University, gives notice of removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, Defendants state as follows:

1.      Plaintiff Michael Lane ("Plaintiff") commenced the above-captioned action against Pace University and the City of New York by filing a complaint in the Supreme Court of the State of New York, County of New York, Index No. 101976/08 (the "State Court Action"). A copy of the Complaint and Summons are attached hereto collectively as Exhibit 1.

2.      Pace University served its Answer and Affirmative Defenses on Plaintiff on March 19, 2008 and filed its Answer and Affirmative Defenses in the Supreme Court of the State of New York, County of New York on March 20, 2008. A copy of the Answer is attached hereto as Exhibit 2.

      Pace University now removes the State Court Action to the United States District Court for the Southern District of New York on the basis of federal question jurisdiction.

4.      Pace University first received notice of the State Court Action when the summons and complaint were served on Pace University on February 28, 2008.  This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b) because thirty days have not expired since Defendant first received notice of this action.

5.      This is an action against Pace University and the City of New York for: (a) false arrest in violation of 42 U.S.C. § 1983; (b) false imprisonment; and (c) malicious prosecution in violation of 42 U.S.C. § 1983.  Plaintiff also alleges that Pace University breached an implied contract with Plaintiff.  All claims arise out of Plaintiff's arrest on February 7, 2007.

6.      Pace University seeks removal of this action pursuant to 28 U.S.C. § 1441(b) on the grounds that the State Court Action is a civil action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331, and because Plaintiff's Complaint purports to assert claims under 42 U.S.C. § 1983.

7.      Plaintiff's state law claims are integrally related to Plaintiff's federal claims and thus form a part of the same case or controversy.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367 and 1441(c).

8.      Venue is proper in the Southern District of New York.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  Here, the Supreme Court of the State of New York, County of New York, is within the District of this Court.

9.    The City of New York consents to and joins in this Notice of Removal.  Attached hereto as Exhibit 3 is a Stipulation of Consent to Notice of Removal, executed by counsel for the City of New York.

10.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of Supreme Court of the State of New York, County of New York.

WHEREFORE, Pace University respectfully requests that this action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Respectfully Submitted

Christie Del Rey-Cone (CD3467)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
212.309.6000

Dated: March 25, 2008

Of Counsel:

William J. Delany*
Alison L. Lasseter*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000

* Not yet admitted pro hac vice

Attorneys for Defendant
Pace University

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008, I caused the foregoing document to be filed with

the Clerk of the Court by hand delivery, and served via U.S. First Class mail to:

Robert F. Garnsey, Esquire
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue, 45th Floor
New York, New York 10110

Attorney for Plaintiff

Michael Chadirjian, Esquire
Room 4-09
New York City Law Department
52 Duane Street, 6th Floor
New York, NY 10013-4048

Attorney for Defendant, The City of New York

Christie Del Rey-Cone

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MICHAEL K. LANE,                                                                         Index No.:

                                          Plaintiff,

           -against-                                                                     **VERIFIED**
                                                                                         **COMPLAINT**

PACE UNIVERSITY and THE CITY OF NEW YORK,

                                          Defendant(s).
-------------------------------------------------------------------X

Plaintiff, by his attorneys, THE JACOB D. FUCHSBERG LAW FIRM, LLP, complaining of

the defendants herein, respectfully alleges as follows upon information and belief:

1.     That plaintiff, MICHAEL K. LANE, was at all relevant times and still is a

resident of the State of New York, County of Kings.

2.     That defendant THE CITY OF NEW YORK was at all relevant times and still

is a municipal corporation duly organized and existing under and by virtue of the laws of the State of

New York.

3.     That at all times hereinafter mentioned, defendant PACE UNIVERSITY was

and remains a fully accredited private college and/or university within the State of New York, and

maintains offices and a campus located at 1 Pace Plaza, New York, New York 10038.

4.     That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK

maintained a police department, commonly and generally known as the New York Police

Department, whose members were and remain employees of the defendant THE CITY OF NEW

YORK.

5. That on November 1, 2007, and within the time prescribed by law, a duly verified Notice of Claim stating, among other things, the time when and place where the injuries and damages claimed hereon were sustained, together with plaintiff's demand for adjustment thereof, was duly served upon the Comptroller of the CITY OF NEW YORK, and that thereafter, said Comptroller for CITY OF NEW YORK has refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action is now commenced.

6. That on January 14, 2007, a statutory hearing was held in this matter pursuant to General Municipal Law §50-h.

7. That this action is being commenced within one year and ninety days after the accrual of this cause of action, or within the time period permitted by law.

8. That on or about February 7, 2007, at approximately 2:30 p.m., plaintiff, MICHAEL K. LANE, was lawfully on the premises located at 1 Pace Plaza, , New York, New York 10038, and was enrolled as a student at that time.

9. That at the aforesaid time and place, plaintiff, MICHAEL K. LANE, was unlawfully and unjustifiably placed under arrest by several police officer employees of defendant THE CITY OF NEW YORK.

## AS AND FOR A FIRST CAUSE OF ACTION:
## FOR FALSE ARREST
## AGAINST DEFENDANT CITY OF NEW YORK

10. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "9" inclusive as if more fully set forth at length herein.

2

11.    That as a result of the aforementioned conduct by defendant THE CITY OF NEW YORK, plaintiff was subjected to an illegal, improper, unjustified, and false arrest by the defendants herein and was taken into custody.

12.    That as a result of the aforementioned conduct by defendant THE CITY OF NEW YORK, plaintiff was unlawfully, improperly, unjustifiably and falsely caused to be imprisoned, detained, confined, incarcerated, and prosecuted by the defendant herein in criminal proceedings, without any probable cause, privilege, justification, or consent thereto.

13.    That all of the aforementioned acts of defendant THE CITY OF NEW YORK, its agents, officers, and employees, were carried out under the color of State, Federal, and/or local law.

14.    That all of the aforementioned acts on the part of defendant THE CITY OF NEW YORK have deprived plaintiff of the rights, privileges and immunities guaranteed to all citizens of the United States in violation of 42 U.S.C § 1983 and the 4th and 5th Amendments to the United States Constitution.

15.    That the acts complained of herein were carried out by the aforementioned police officer employees of defendant THE CITY OF NEW YORK in their capacities as police officers, with all of the actual and /or apparent authority attendant thereto.

16.    That the acts complained of were carried out by the aforementioned employees of defendant THE CITY OF NEW YORK in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

3

17    That the defendant THE CITY OF NEW YORK, its agents, officers and employees, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

18.    That the acts complained of have deprived plaintiff MICHAEL K. LANE of his rights:

A.    not to be deprived of liberty without due process of law;

B.    to be free from seizure and arrest not based upon probable cause;

C.    to be free from searches not based upon probable cause;

D.    to be free from unwanted and malicious criminal prosecution;

E.    not to have summary punishment imposed upon him; and

F.    to be afforded equal protection under the law.

19.    That as a result of the foregoing, plaintiff has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the First Cause of Action, together with the interest, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION: FOR UNLAWFUL IMPRISONMENT AGAINST DEFENDANT CITY OF NEW YORK

20.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as if more fully set forth at length herein.

21.    That the defendant CITY OF NEW YORK, its agents, officers and

4

employees, in effecting the aforementioned false, unlawful and unjustified arrest of plaintiff, intended to confine plaintiff by taking him into custody.

22.    That at the time of the aforementioned false, unlawful and unjustified arrest of plaintiff MICHAEL K. LANE, was at all times aware of and conscious of the fact of his confinement by said agents, officers and employees of defendant CITY OF NEW YORK.

23.    That at no time did plaintiff MICHAEL K. LANE consent to the confinement.

24.    That as a result of the aforementioned conduct by defendant THE CITY OF NEW YORK, plaintiff was unlawfully, improperly, unjustifiably and falsely caused to be imprisoned, detained, confined, incarcerated, and prosecuted by the defendant herein in criminal proceedings, without any probable cause, privilege, justification, or consent thereto.

25.    That the acts complained of have deprived plaintiff MICHAEL K. LANE of his rights:

      A.    not to be deprived of liberty without due process of law;

      B.    to be free from seizure and arrest not based upon probable cause;

      C.    to be free from searches not based upon probable cause;

      D.    to be free from unwanted and malicious criminal prosecution;

      E.    not to have summary punishment imposed upon him; and

      F.    to be afforded equal protection under the law.

26.    That as a result of the foregoing, plaintiff has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the Second Cause of Action, together with the interest, costs, and disbursements of this action.

5

## AS AND FOR A THIRD CAUSE OF ACTION:
### FOR FALSE ARREST
### AGAINST DEFENDANT PACE UNIVERSITY

27.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if more fully set forth at length herein.

28.    That as a result of the aforementioned conduct by defendant THE CITY OF NEW YORK, plaintiff was subjected to an illegal, improper, unjustified, and false arrest and was taken into custody.

29.    That defendant PACE UNIVERSITY, its officer, agents and employees, at all times acted in concert with, and actively participated with defendant THE CITY OF NEW YORK in subjecting plaintiff to an illegal, improper, unjustified, and false arrest.

30.    That as a result of the aforementioned conduct by defendant PACE UNIVERSITY, plaintiff was unlawfully, improperly, unjustifiably and falsely caused to be imprisoned, detained, confined, incarcerated, and prosecuted by the defendants herein in criminal proceedings, without any probable cause, privilege, justification, or consent thereto.

31.    That all of the aforementioned conduct on the part of defendant PACE UNIVERSITY, its officers, agents and employees, have deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States in violation of 42 U.S.C § 1983.

32.    That the aforementioned conduct of defendant PACE UNIVERSITY, its officers, agents and employees complained of herein has deprived plaintiff MICHAEL K. LANE of

6

his rights:

    A.    not to be deprived of liberty without due process of law;

    B.    to be free from seizure and arrest not based upon probable cause;

    C.    to be free from searches not based upon probable cause;

    D.    to be free from unwanted and malicious criminal prosecution;

    E.    not to have summary punishment imposed upon him; and

    F.    to be afforded equal protection under the law.

33.    That as a result of the foregoing, plaintiff has been damaged in the amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the Third Cause of Action, together with the interest, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION: FOR UNLAWFUL IMPRISONMENT AGAINST DEFENDANT PACE UNIVERSITY

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if more fully set forth at length herein.

35.    That the defendant PACE UNIVERSITY, its agents, officers and employees, at the time of the aforementioned false, unlawful and unjustified arrest of plaintiff, intended to confine plaintiff by taking plaintiff into custody and at all times acted in concert with defendant THE CITY OF NEW YORK in effecting said unlawful arrest and imprisonment.

36.    That at the time of the aforementioned false, unlawful and unjustified arrest of plaintiff by defendants herein, plaintiff, MICHAEL K. LANE, was aware of and conscious of

7

the fact of his confinement by said defendants.

37.    That at no time did plaintiff MICHAEL K. LANE consent to the
confinement.

38.    That as a result of the aforementioned conduct by defendant PACE
UNIVERSITY, plaintiff was unlawfully, improperly, unjustifiably and falsely caused to be
imprisoned, detained, confined, incarcerated, and prosecuted by the defendant herein in criminal
proceedings, without any probable cause, privilege, justification, or consent thereto.

39.    That the acts complained of have deprived plaintiff MICHAEL K. LANE of
his rights:

        A.    not to be deprived of liberty without due process of law;

        B.    to be free from seizure and arrest not based upon probable cause;

        C.    to be free from searches not based upon probable cause;

        D.    to be free from unwanted and malicious criminal prosecution;

        E.    not to have summary punishment imposed upon him; and

        G.    to be afforded equal protection under the law.

40.    That as a result of the foregoing, plaintiff has been damaged in an amount
exceeding the jurisdictional limits of all lower courts of the State of New York, on the Fourth Cause
of Action, together with the interest, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION:**
**FOR MALICIOUS PROSECUTION**
**AGAINST DEFENDANT CITY OF NEW YORK**

41.    Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "43" with the same force and effect as if more fully set forth at

8

length herein.

42.    That as a result of the aforementioned unlawful conduct of defendant THE CITY OF NEW YORK as set forth above, plaintiff MICHAEL K. LANE was subjected to criminal proceedings.

43.    That defendant THE CITY OF NEW YORK, its officers, agents and employees, lacked probable cause to institute criminal proceedings against plaintiff.

44.    That defendant THE CITY OF NEW YORK, its officers, agents and employees, lacked probable cause to continue criminal proceedings against plaintiff.

45.    That defendant THE CITY OF NEW YORK, its officers, agents and employees, acted maliciously in instituting criminal proceedings against plaintiff.

46.    That defendant THE CITY OF NEW YORK, its officers, agents and employees, acted maliciously in continuing criminal proceedings against plaintiff.

47.    That as a result of defendant's conduct as aforesaid, plaintiff MICHAEL K. LANE was subjected to an unjustified, unwarranted and unlawful criminal prosecution which continued for a protracted period of time, during which time plaintiff has suffered, and continues to suffer, emotional distress and mental anguish, diminished reputation, loss of employment and income, inability to continue in his academic program and/or vocation, and great embarrassment and humiliation.

48.    That defendant THE CITY OF NEW YORK, its officers, agents and employees, acted with a gross, wanton and willful disregard of the constitutional rights of plaintiff MICHAEL K. LANE in instituting and continuing the aforementioned criminal proceedings against him.

49.    That all of the aforementioned acts of defendant THE CITY OF NEW YORK,

9

its agents. officers and employees, were carried out under color of State law.

50.    That all of the aforementioned acts of defendant THE CITY OF NEW YORK. its officers. agents and employees, have deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fifth Amendments to the Constitution of the United States, all in violation of 42 USC §1983.

51.    That the aforementioned acts of defendant THE CITY OF NEW YORK complained of were carried out in whole or in part by the aforementioned officers, agents and/or employees of defendant THE CITY OF NEW YORK while acting in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

52.    That the aforementioned acts complained of were carried out in whole or in part by the aforementioned employees of defendant THE CITY OF NEW YORK while acting in their capacities as police officers, pursuant to the customs, usages. practices, procedures, and the rules of defendant THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said police department.

53.    That defendant THE CITY OF NEW YORK, its officers, agents and/or employees, while acting under color of state law, engaged in unlawful conduct which constituted a custom. usage. practice. procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

54.    That by reason of the aforementioned conduct of defendant THE CITY OF NEW YORK, its officers, agents and/or employees, plaintiff MICHAEL K. LANE was and has been deprived of his right to be free from unlawful restraint and baseless prosecution, in violation of the rights guaranteed him pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States

10

Constitution.

55.    That the policies, practices and/or customs of defendant THE CITY OF NEW YORK and its individual police officer employees, through its police department, included seizing and arresting individuals without probable cause and instituting criminal proceedings against said individuals without legal justification.

56.    That the policies, practices, and customs set forth above were maintained and implemented by defendant THE CITY OF NEW YORK with deliberate indifference and encouraged aforesaid constitutional violations by its police officer employees, and therefore acted as a direct and proximate cause of said violations of the plaintiff's constitutional and statutory rights.

57.    That as a direct and proximate consequence of the aforesaid policies, practices and customs of defendant THE CITY OF NEW YORK, plaintiff was and has been substantially deprived of his personal liberty, and has suffered, and will continue to suffer, emotional trauma and mental anguish.

58.    That the aforementioned conduct of defendant THE CITY OF NEW YORK complained of herein has substantially deprived plaintiff MICHAEL K. LANE of his rights:

A.    not to be deprived of liberty without due process of law;

B.    not to have cruel and unusual punishment imposed upon him;

C.    to be free from unreasonable search and seizure and arrest not based upon probable cause;

D.    to be free from unwarranted and malicious prosecution; and

E.    to receive equal protection under the law.

59.    That as a result of the foregoing conduct of defendant THE CITY OF NEW

11

YORK, plaintiff has been damaged in the amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the Fifth Cause of Action, together with the interest, costs, and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION: FOR MALICIOUS PROSECUTION AGAINST DEFENDANT PACE UNIVERSITY

60.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if more fully set forth at length herein.

61.    That as a result of the aforementioned unlawful conduct of defendant PACE UNIVERSITY, its officers, agents and employees, plaintiff was subjected to criminal proceedings.

62.    That defendant PACE UNIVERSITY, its officers, agents and employees, lacked probable cause to institute criminal proceedings against plaintiff.

63.    That defendant PACE UNIVERSITY, its officers, agents and employees, lacked probable cause to continue criminal proceedings against plaintiff.

64.    That defendant PACE UNIVERSITY, its officers, agents and employees, acted maliciously in instituting criminal proceedings against plaintiff.

65.    That defendant PACE UNIVERSITY, its officers, agents and employees, acted maliciously in continuing criminal proceedings against plaintiff.

66.    That as a result of defendant's conduct as aforestated, plaintiff MICHAEL K. LANE was subjected to an unjustified, unwarranted and unlawful criminal prosecution which continued for a protracted period of time, during which time plaintiff has suffered, and continues to

12

suffer, emotional distress and mental anguish, diminished reputation, loss of employment and income, inability to continue in his academic program and/or vocation, and great embarrassment and humiliation.

    67.    That defendant PACE UNIVERSITY, its officers, agents and employees, acted maliciously, wantonly, and with a gross, wanton, reckless, and willful disregard of the constitutional rights of plaintiff MICHAEL K. LANE in instituting and continuing criminal proceedings against him.

    68.    That all of the aforementioned conduct of defendant PACE UNIVERSITY, its officers, agents and employees, has deprived plaintiff MICHAEL K. LANE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fifth Amendments to the Constitution of the United States, all in violation of 42 USC §1983.

    69.    That by reason of the aforementioned conduct of defendant PACE UNIVERSITY, its officers, agents and employees, plaintiff was and has been deprived of his right to be free from unlawful restraint and baseless prosecution, in violation of the rights guaranteed him pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

    70.    That the policies, practices and/or customs of defendant PACE UNIVERSITY included and condoned the seizing and arresting of individuals without probable cause and instituting criminal proceedings against said individuals without legal justification.

    71.    That the policies, practices, and customs set forth above were maintained and implemented by defendant PACE UNIVERSITY with deliberate indifference and encouraged the aforesaid constitutional violations by its agents, officers and employees, and therefore acted as a direct and proximate cause of said violations of the plaintiff's constitutional and statutory rights.

13

72.   That as a direct and proximate consequence of the aforesaid policies, practices and customs of defendant PACE UNIVERSITY and its willful, wanton, and malicious institution of criminal proceedings against the plaintiff, plaintiff MICHAEL K. LANE was and has been substantially deprived of his personal liberty, and has suffered, and will continue to suffer, great emotional trauma and mental anguish.

73.   That the aforementioned conduct of defendant PACE UNIVERSITY and its officers, agents and employees complained of herein has substantially deprived plaintiff MICHAEL K. LANE of his rights:

A.   not to be deprived of liberty without due process of law;

B.   not to have cruel and unusual punishment imposed upon him;

C.   to be free from unreasonable search and seizure and arrest not based upon probable cause;

D.   to be free from unwarranted and malicious prosecution; and

E.   to receive equal protection under the law.

74.   That as a result of the foregoing conduct of defendant PACE UNIVERSITY, plaintiff has been damaged in the amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the Sixth Cause of Action, together with the interest, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION:
## FOR BREACH OF IMPLIED CONTRACT
## AGAINST DEFENDANT PACE UNIVERSITY

75.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if more fully set forth at

14

length herein.

76.    That on and before February 7, 2007, and commencing in or about the fall of 2006, plaintiff MICHAEL K. LANE was enrolled as a full-time graduate student with defendant PACE UNIVERSITY for valuable consideration, and paid tuition and fees to defendant in connection therewith.

77.    That at the time that plaintiff was enrolled as a full-time student with defendant PACE UNIVERSITY, there existed an express or implied agreement with defendant whereby plaintiff reasonably expected defendant PACE UNIVERSITY to adhere to certain conduct during the course of his enrollment as a full-time student at said university.

78.    That by reason of the aforementioned express or implied agreement with defendant, plaintiff reasonably expected defendant PACE UNIVERSITY to adhere to laws, regulations, and a professional code of ethics; to permit plaintiff to attend classes, workshops, seminars, and internships available at said university; and to accord plaintiff basic rights and privileges, including, but not limited to, the right to privacy, the right to further his education and career; and the right to the protections of due process under the law of this State as well as the rules, regulations, code of conduct, bylaws, and guidelines established by defendant PACE UNIVERSITY.

79.    That by reason of the unlawful, unwarranted and unjustified arrest of plaintiff MICHAEL K. LANE on February 7, 2007 and the institution of criminal proceedings against plaintiff as set forth herein, plaintiff MICHAEL K. LANE was summarily suspended for an indefinite period from attending classes at defendant PACE UNIVERSITY and has been forbidden by defendant to enter the grounds of the campus since that date.

80.    That the suspension of plaintiff MICHAEL K. LANE by defendant PACE

15

UNIVERSITY as aforestated and the barring of plaintiff from entering the campus grounds were carried out by defendant without any hearing and without any notice or opportunity to be heard to plaintiff, and therefore deprived plaintiff of his right to due process.

81.    That the suspension of plaintiff MICHAEL K. LANE by defendant PACE UNIVERSITY as aforestated continued and remained in effect despite the dismissal of all criminal charges against plaintiff on or about August 21, 2007.

82.    That the suspension of plaintiff by defendant PACE UNIVERSITY as aforestated was in violation of the rules, regulations, bylaws, codes of conduct, guidelines, and/or student handbooks promulgated by defendant.

83.    That the suspension of plaintiff by defendant PACE UNIVERSITY as aforestated directly violated the express or implied covenants and agreements with plaintiff not to suspend or terminate plaintiff without good cause or justification therefore.

84.    That the suspension of plaintiff by defendant PACE UNIVERSITY as aforestated directly violated the express or implied covenants and agreements of good faith and fair dealing with plaintiff.

85.    That as a result of defendant's willful suspension of plaintiff MICHAEL K. LANE in breach of its express or implied covenants and agreement with plaintiff, plaintiff has incurred damages.

86.    That as a result of defendant's willful suspension of plaintiff MICHAEL K. LANE in breach of its express or implied covenants and agreement with plaintiff MICHAEL K. LANE, plaintiff has suffered from a loss of internships and other employment and has been unable to continue in his educational and vocational plans and will continue to be unable to do so for the

16

foreseeable future.

87.    That as a result of the aforementioned breach by defendant PACE UNIVERSITY of its express or implied covenants and agreements with plaintiff MICHAEL K. LANE, plaintiff has been unable, despite reasonable efforts, to enroll in a comparable program of study at another university, college, or institution of higher learning.

88.    That as a result of the foregoing conduct of defendant PACE UNIVERSITY, plaintiff has been damaged in the amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the Seventh Cause of Action, together with the interest, costs, and disbursements of this action.

WHEREFORE, plaintiff MICHAEL K. LANE demands judgment against the defendants herein on all causes of action in an amount exceeding the jurisdictional limits of all lower courts of the State of New York on all causes of action, together with the interest, costs and disbursements of this action, together with such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          February 1, 2008                      Yours, etc.

                                       THE JACOB D. FUCHSBERG LAW FIRM

                                       By: _____
                                            ROBERT F. GARNSEY, ESQ.
                                       Attorneys for Plaintiff(s)
                                       500 Fifth Avenue, 45th Floor
                                       New York, New York 10110
                                       (212) 869-3500

17

## ATTORNEY'S VERIFICATION BY AFFIRMATION

**ROBERT F. GARNSEY**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am associated with THE JACOB D. FUCHSBERG LAW FIRM, LLP, attorneys of record for plaintiff. I have read the annexed

### SUMMONS AND VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiff is because plaintiff resides outside of the county wherein your affirmant maintains offices.


Dated: New York, New York
        February 1, 2008


ROBERT F. GARNSEY, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                         Index No.:

MICHAEL K. LANE,

Plaintiff,

-against-

PACE UNIVERSITY and THE CITY OF NEW YORK,

Defendant(s).

# SUMMONS & VERIFIED COMPLAINT

## THE JACOB D. FUCHSBERG LAW FIRM
**Attorneys for Plaintiff**
Office and Post Office Address, Telephone
**500 Fifth Avenue**
**New York, NY 10110**
**(212) 869-3500**

To                                          Service of a copy of the
                                            within is hereby admitted.

                                            Dated: _____200___

Attorneys for

PLEASE TAKE NOTICE:

_____  **NOTICE OF ENTRY**  that the within is a (certified) true copy of a _____
duly entered in the _____ office of the clerk of the within named court
on _____ 200__

_____  **NOTICE OF SETTLEMENT**  that an order of which the within is a true copy will
be presented for settlement to the HON. _____ one of the judges
of the within named Court, at _____ on _____
200__  at _____ ___M

Dated:

Yours, etc.

THE JACOB D. FUCHSBERG LAW FIRM

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NEW YORK
COUNTY CLERKS OFFICE

MAR 2 0 2

NOT COMPAR
WITH COPY FL

MICHAEL K. LANE,

Plaintiff,

vs

PACE UNIVERSITY and
THE CITY OF NEW YORK,

Defendants.

Index No.: 101976/08

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT PACE UNIVERSITY

Defendant Pace University, by its attorneys Morgan, Lewis & Bockius, LLP, answers the

above-captioned Complaint as follows:

1.     Pace University denies knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 1 of the Complaint, except admits that the

records of Pace University reflect that Plaintiff was a resident of New York while enrolled at

Pace University.

2.     Admitted.

3.     Pace University denies the allegations contained in Paragraph 3 of the Complaint,

except admits that Pace University is an independent, coeducational, nonsectarian, not-for-profit

institution of higher education that is chartered by the Regents of the University of the State of

New York, and maintains a facility at One Pace Plaza, New York, New York 10038.

4.     Admitted.

5     Pace University denies knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 5 of the Complaint.

WITH COPY FILE
NOT COMPARED

MAR 2 0 2008

NEW YORK
COUNTY CLERKS OFFICE

6.     Pace University denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

7.     The allegations contained in Paragraph 7 of the Complaint consist of legal conclusions to which no response is required.

8.     Pace University denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admits that Plaintiff was enrolled as a student at Pace University on February 7, 2007.

9.     Upon information and belief, Pace University admits that while on the property of Pace University, Plaintiff was arrested by employees of the New York City police department on or about February 7, 2007, and otherwise states that the remainder of the allegations contained in Paragraph 9 of the Complaint consist of legal conclusions to which no response is required.

## AS AND FOR A FIRST CAUSE OF ACTION

10-19.  Pace University denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 10-19 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

20-26.  Pace University denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20-26 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

27.     Pace University incorporates by reference its answers to Paragraphs 1-26 of the Complaint as set forth fully herein.

28.     The allegations contained in Paragraph 28 of the Complaint consist of legal conclusions to which no response is required.

29.    Pace University denies the allegations contained in Paragraph 29 of the Complaint, except for those that consist of legal conclusions to which no response is required.

30.    Pace University denies the allegations contained in Paragraph 30 of the Complaint, except for those that consist of legal conclusions to which no response is required.

31.    Pace University denies the allegations contained in Paragraph 31 of the Complaint, except for those that consist of legal conclusions to which no response is required.

32.    Pace University denies the allegations contained in Paragraph 32, including subparagraphs A-F, except for those that consist of legal conclusions to which no response is required.

33.    Pace University denies the allegations contained in Paragraph 33 of the Complaint, except for those that consist of legal conclusions to which no response is required.

## AS AND FOR A FOURTH CAUSE OF ACTION

34    Pace University incorporates by reference its answers to Paragraphs 1-33 of the Complaint as set forth fully herein.

35.    Pace University denies the allegations contained in Paragraph 35 of the Complaint, except for those that consist of legal conclusions to which no response is required.

36.    Pace University denies the allegations contained in Paragraph 36 of the Complaint, except for those that consist of legal conclusions to which no response is required.

37    Pace University denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, except for those that consist of legal conclusions to which no response is required.

38.    Pace University denies the allegations contained in Paragraph 38 of the Complaint, except for those that consist of legal conclusions to which no response is required.

3

39    Pace University denies the allegations contained in Paragraph 39, including subparagraphs A-F, except for those that consist of legal conclusions to which no response is required.

40    Pace University denies the allegations contained in Paragraph 40 of the Complaint, except for those that consist of legal conclusions to which no response is required.

## AS AND FOR A FIFTH CAUSE OF ACTION

41-59.  Pace University denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 41-59 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

60.    Pace University incorporates by reference its answers to Paragraphs 1-59 of the Complaint as set forth fully herein.

61.    Pace University denies the allegations contained in Paragraph 61 of the Complaint, except for those that consist of legal conclusions to which no response is required.

62.    Pace University denies the allegations contained in Paragraph 62 of the Complaint, except for those that consist of legal conclusions to which no response is required.

63.    Pace University denies the allegations contained in Paragraph 63 of the Complaint, except for those that consist of legal conclusions to which no response is required.

64.    Pace University denies the allegations contained in Paragraph 64 of the Complaint, except for those that consist of legal conclusions to which no response is required.

65.    Pace University denies the allegations contained in Paragraph 65 of the Complaint, except for those that consist of legal conclusions to which no response is required.

66.    Pace University denies the allegations contained in Paragraph 66 of the Complaint, except for those that consist of legal conclusions to which no response is required.

4

67.   Pace University denies the allegations contained in Paragraph 67 of the Complaint, except for those that consist of legal conclusions to which no response is required.

68.   Pace University denies the allegations contained in Paragraph 68 of the Complaint, except for those that consist of legal conclusions to which no response is required.

69.   Pace University denies the allegations contained in Paragraph 69 of the Complaint, except for those that consist of legal conclusions to which no response is required.

70.   Pace University denies the allegations contained in Paragraph 70 of the Complaint, except for those that consist of legal conclusions to which no response is required.

71.   Pace University denies the allegations contained in Paragraph 71 of the Complaint, except for those that consist of legal conclusions to which no response is required.

72.   Pace University denies the allegations contained in Paragraph 72 of the Complaint, except for those that consist of legal conclusions to which no response is required.

73.   Pace University denies the allegations contained in Paragraph 73, including subparagraphs A-E, except for those that consist of legal conclusions to which no response is required.

74.   Pace University denies the allegations contained in Paragraph 74 of the Complaint, except for those that consist of legal conclusions to which no response is required.

## AS AND FOR A SEVENTH CAUSE OF ACTION

75.   Pace University incorporates by reference its answers to Paragraphs 1-74 of the Complaint as set forth fully herein.

76.   Pace University denies the allegations contained in Paragraph 76 of the Complaint, except admits that Plaintiff was enrolled as a full-time graduate student at Pace University from September 2006 through February 2007 and that he was charged tuition.

77.    The allegations contained in Paragraph 77 of the Complaint consist of legal conclusions to which no response is required.

78.    Pace University denies the allegations contained in Paragraph 78 of the Complaint, except for those that consist of legal conclusions to which no response is required.

79.    Pace University denies the allegations contained in Paragraph 79 of the Complaint, except admits that Plaintiff was suspended in accordance with the terms and conditions set forth in the letter dated February 8, 2007 from Marijo Russell O'Grady to Plaintiff.

80.    Pace University denies the allegations contained in Paragraph 80 of the Complaint, except for those that consist of legal conclusions to which no response is required.

81.    Pace University denies the allegations contained in Paragraph 81 of the Complaint, except admits that the suspension and access bar continues.

82.    Pace University denies the allegations contained in Paragraph 82 of the Complaint, except for those that consist of legal conclusions to which no response is required.

83.    Pace University denies the allegations contained in Paragraph 83 of the Complaint, except for those that consist of legal conclusions to which no response is required.

84.    Pace University denies the allegations contained in Paragraph 84 of the Complaint, except for those that consist of legal conclusions to which no response is required.

85.    Pace University denies the allegations contained in Paragraph 85 of the Complaint, except for those that consist of legal conclusions to which no response is required.

86.    Pace University denies the allegations contained in Paragraph 86 of the Complaint, except for those that consist of legal conclusions to which no response is required.

87    Pace University denies the allegations contained in Paragraph 87 of the Complaint, except for those that consist of legal conclusions to which no response is required.

88.    Pace University denies the allegations contained in Paragraph 88 of the Complaint, except for those that consist of legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part to the extent he has failed to file suit within the time period required by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's alleged damages were the result of intervening or superseding events, factors, occurrences or conditions over which Pace University had no control.

### FOURTH DEFENSE

Pace University's action or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

### FIFTH DEFENSE

Pace University cannot be held liable to Plaintiff for any alleged damages because Pace University is a private entity and never acted under color of state law.

## SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## SEVENTH DEFENSE

Pace University's suspension of Plaintiff was based on legitimate and lawful factors, and in compliance with its applicable internal procedures.

8

WHEREFORE, Defendant Pace University respectfully requests that the Court enter judgment in its favor, dismiss the Complaint with prejudice, and award it attorneys' fees and costs, as well as such other relief as this Court deems appropriate.

Respectfully submitted,

Dated: March 19, 2008

Sara Gordon (Bar No. 707906)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
212.309.6000

*Of Counsel:*

William J. Delany*
Alison L. Lasseter *
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000

\* Not yet admitted pro hac vice

*Attorneys for Defendant*
*Pace University*

9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

MICHAEL K. LANE,

Plaintiff,

vs.

PACE UNIVERSITY and
THE CITY OF NEW YORK,

Defendants.

---

Index No.: 101976/08

**VERIFICATION OF**
**ANSWER**

STATE OF NEW YORK          )
                                                    )ss.:
COUNTY OF NEW YORK     )

STEPHEN BRODSKY, Esq., affirms under penalties of perjury, that the

following is true:

I am the University Counsel of Pace University, a position I have held

since 1998. I have read the Verified Answer in the above-captioned matter and know the

contents thereof. The contents of the Verified Answer are true to my own knowledge. In

addition to my own experience and first-hand knowledge, the basis of my knowledge

includes my review of records maintained by Pace University in the regular course of its

business. As to matters alleged upon information and belief, I believe them to be true.

Stephen Brodsky, Esq.

Sworn to before me on this
19th day of March, 2008.

Notary Public

KAREN L. STEFFLRE
Notary Public, State of New York
No. 31-4922872
Qualified in New York County
Commission Expires March 21, 20__

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and
Affirmative Defenses of Defendant Pace University and Verification were served by first class
mail, this 19th day of March, 2008 upon the following:

> Robert F. Garnsey, Esq.
> The Jacob D. Fuchsberg Law Firm
> 500 Fifth Avenue, 45th Floor
> New York, New York 10110
>
> Attorney for Plaintiff

Sara Gordon

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 0 2008

NOT COMPARED
WITH COPY FILE

3

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICHAEL K. LANE,

                                    Plaintiff,

                vs.

PACE UNIVERSITY and
THE CITY OF NEW YORK,

                                    Defendants.

Civil Action No.:

## STIPULATION OF CONSENT TO NOTICE OF REMOVAL

Defendant City of New York, by its attorney, hereby consents to the removal of this

action to the United States District Court for the Southern District of New York from the

Supreme Court of the State of New York, County of New York for the reasons set forth in the

Notice of Removal of Defendant Pace University.

                                    Respectfully submitted,

                                    Michael Chadirjian, Esquire
                                    New York City Law Department
                                    52 Duane Street, 6th Floor
                                    New York, NY 10013-4048
                                    212.788.0647
                                    Attorney for Defendant
                                    City of New York

Dated: March 27, 2008